**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4544**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANK ROOSEVELY GIGGETTS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00241-FL-1)

Submitted: August 18, 2022                     Decided: August 22, 2022

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Walter H. Paramore, III, LAW OFFICES OF W. H. PARAMORE, III, Jacksonville, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Roosevely Giggetts, Jr., pled guilty without a plea agreement to distribution of cocaine base and marijuana, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Giggetts to 151 months in prison, to be followed by three years' supervised release. Giggetts' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asserting that the district court reversibly erred when it denied Giggetts' motion for a downward variant sentence. Although advised of his right to file a pro se supplemental brief, Giggetts has not done so. The Government has declined to file a response brief. We affirm.

We review a criminal "sentence[ ]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, we then consider the substantive reasonableness of the sentence. *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Guidelines range, gave the parties the opportunity to argue for an

2

appropriate sentence, and sufficiently explained the chosen sentence and its reasons for denying Giggetts' motion for a downward variance. Giggetts has failed to rebut the presumption of reasonableness afforded his within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the amended criminal judgment. This court requires that counsel inform Giggetts, in writing, of the right to petition the Supreme Court of the United States for further review. If Giggetts requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Giggetts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*